Turley, J.
delivered the opinion of the court.
The question presented in this case, is, whether a levy of an execution in the following words, is sufficiently certain, viz: “Levied on lot No. —, in the town of Greenville, with its improvements.” In the case of Vance vs. McNairy, 3 Yerg. 171, it is held, that a levy on land is sufficiently certain, if it describe it in such a manner' as to distinguish it from all other tracts owned by the same person.-
In the case of Pound vs. Pullen's lessee, 3 Yerg. 338, the levy was in these words, “levied on eight thousand acres of land, lying in four different tracts.” This levy was held to be void for uncertainty. The judge in delivering the opinion of the court, says,“This levy is bad for its vagueness and uncertainty; its location is not more definite than the bounds of the county of Stewart,” (the county to which the execution was issued,) “and this restriction iis only arrived at by implication, because the power of the sheriff did not extend beyond these bounds. The levy ought to show the location of the lands levied on to a reasonable certainty.” This case, we think, is in point and must govern the one under consideration.-
The levy in the case of Pound vs. Pullen's lessee, according to the exposition of the court, is this, “levied on eight thousand acres of land, lying in four different tracts, in the county of Stewart.” The levy in this case, is “levied on lot No. —, in the town of Greenville, with its improvements.” If the first be void for uncertainty, surely the last must be also. What tracts of land were levied on in that county? We know not. What lot was levied on in the town of Greenville? We know not. The levy in the first case, would cover any eight thousand acres of land, lying in four different tracts in Stewart county; and the levy in the last case, would cover any *397 lot, with improvements, in the town of Greenville. This view of the case is not in conflict with the case of Parker vs. Swan, in 1st Humphreys. There the levy shows to whom the land belonged, the quantity of acres, and the location, to wit, the waters of the west fork of Stone’s river. Now, it is impossible that there can be any uncertainty in this levy, unless by accident there should be two tracts of land owned by the same person, containing the same precise number of acres, and having the same location; a thing not to be supposed. We are, therefore, of the opinion, that the court below erred, in receiving the sheriff’s deed, based upon this levy as a muniment of title in the plaintiff in ejectment, and that it ought to have granted a new trial.
The judgment will, therefore, be reversed, and the case remanded for further proceedings.